# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lincoln National Life Insurance Company, | No. CV-22-01398-PHX-DMF |
| Plaintiff, | **ORDER** |
| v. | |
| M Pauline Baker, et al., | |
| Defendants. | |

This matter was assigned to Magistrate Judge Deborah M. Fine. (Doc. 2). On September 26, 2023, the Magistrate Judge filed a Report and Recommendation with this Court.[1] (Doc. 42). To date, no objections have been filed.

**STANDARD OF REVIEW**

The Court "may accept, reject, or modify, in whole or in part, the findings or

---

[1] This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> **IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:
>
> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). Parties have fourteen days from the service of a copy of the Magistrate's recommendation within which to file specific written objections to the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting *de novo* review of the Magistrate Judge's factual findings and waives all objections to those findings on appeal. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." Id.

## DISCUSSION

Having reviewed the Report and Recommendation of the Magistrate Judge, and no Objections having been made by any party thereto, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation.

## CONCLUSION

Accordingly, for the reasons set forth,

**IT IS ORDERED adopting** the Report and Recommendation of the Magistrate Judge. (Doc. 42).

**IT IS FURTHER ORDERED** that Defendant CCI's motion for default judgment (Doc. 41) be granted.

**IT IS FURTHER ORDERED** that final judgment in this matter be entered as follows:

1. Awarding Defendant Care Coordinators, Inc., as special administrator and personal representative of the Estate of Dwight D. Hearn ("Defendant CCI"), the proceeds of the annuity contract bearing the contract number 95-5658985 issued by Plaintiff The Lincoln National Life Insurance Company to Mr. Hearn on March 26, 1992, in the amount of $283,915.21 (minus applicable fees and costs, if any) plus any accrued interest;

2. Directing the Clerk of Court to pay from the Registry Account to

        DefendantCare Coordinators, Inc., as Special Administrator of the Estate of Dwight D. Hearn ("Defendant CCI") the amount of $283,915.21 plus any accrued interest (minus applicable fees and costs, if any);

3. Dismissing Plaintiff from this action and discharging Plaintiff from further proceedings and from any and all liability to any person with respect to the Contract, policy number 95-5658985; and

4. Enjoining the Defendants from any action against Plaintiff in regards the annuity contract or its proceeds.

Dated this 17th day of October, 2023.

_____
Honorable Stephen M. McNamee
Senior United States District Judge